UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DUVOR STRINGER,

    Petitioner,

                                                   Civil Action  2:14-CV-13874
v.                                          HONORABLE GERSHWIN A. DRAIN

JEFFREY WOODS,

    Respondent,
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON CONDITIONAL PERSONAL RECOGNIZANCE [#8]

On October 7, 2014, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Respondent filed a Response in Opposition to Petitioner's Petition and the Rule 5 materials on April 14, 2015.

Presently before the Court is Petitioner's Motion for Release on Conditional Personal Cognizance, filed on December 2, 2014.  Petitioner seeks release on bond pending disposition of his Petition.

Petitioner relies on Federal Rule of Appellate Procedure 23(c) in support of his request for release on bond pending resolution of his Petition.  Federal Rule of Appellate Procedure 23(c) states:

> (c) **Release Pending Review of Decision Ordering Release.**  While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge rendering decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be

1

released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c). The United States Supreme Court has held that this "rule undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release. *See Sizemore v. District Court*, 735 F.2d 204, 208 (6th Cir. 1984). Here, because the Court has not granted habeas relief, Rule 23(c) of the Federal Rules of Appellate Procedure is inapplicable.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making [the motion for bond] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Based on review of the Petition, the Court cannot conclude it shows any substantial claim of law based on the facts. Nor is the Court persuaded that any extraordinary and exceptional circumstances exist which merit immediate release on bond. Thus, Petitioner has failed to demonstrate release pending review of his Petition is warranted and deserving of

2

special treatment in the interests of justice. Accordingly, Petitioner's Motion for Release on Conditional Personal Cognizance [#8] is DENIED.

    SO ORDERED.

|  |  |
|---|---|
|  | /s/Gershwin A Drain |
|  | HON. GERSHWIN A. DRAIN |
| Dated: May 27, 2015 | UNITED STATES DISTRICT JUDGE |

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and to Andre Stringer, 220557 at the Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 on May 27, 2015, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk