UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DUVOR STRINGER,

Petitioner,                                    Case No. 14-cv-13874

v.                              UNITED STATES DISTRICT COURT JUDGE
                                           GERSHWIN A. DRAIN
JEFFREY WOODS,

Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO DISMISS ISSUES I, II, III, V, & VI,
DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Petitioner Andre Duvor Stringer filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Stringer is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for second-degree murder, possession of a firearm during the commission of a felony, and felon in possession of a firearm. This habeas petitioner raises six claims for relief. He has now filed a motion to dismiss all but one of his habeas claims. The Court grants the motion and denies habeas relief on the one remaining claim, ineffective assistance of trial counsel.

**II. BACKGROUND**

Petitioner's convictions arise from the shooting death of Joseph Johnson on May 5, 2011, in Detroit. The Michigan Court of Appeals summarized the testimony presented at trial:

This case arises out of an unfortunate shooting between two friends, defendant and the victim, Joseph Johnson. On the night of the shooting, defendant and the victim, along with several other friends, were drinking, talking, and gambling on the front porch of Richard Jones's house located on the corner of Coyle and Glendale.

Undisputed eyewitness testimony indicated that, at some point during the evening, the victim "grabbed" or "snatched" $10 or $20 from defendant, left Jones's porch, and headed toward his van, which was parked on the side of the house on Glendale. Several eyewitnesses testified that defendant followed the victim off the porch, stopped at his pick-up truck, and grabbed a "long gun" or shotgun out of his truck, and then walked toward the victim's van with the gun. There was only one eyewitness to the actual shooting, the victim's brother, John Johnson. John testified that, after defendant retrieved the gun from his truck, defendant walked over to the victim's van, pointed the gun at the victim's chest or face, and fired multiple gunshots at the driver's side window of the van where the victim was sitting. All remaining eyewitnesses heard multiple gunshots shortly after the victim and defendant left the porch.

After the gunshots were fired, two witnesses, Kevin Johnson and John Johnson, observed the victim's van backing up into a field of grass. Then, Kevin Johnson observed the victim exit the van, and defendant and the victim fighting in the street. Kevin Johnson interceded in the fight and separated defendant and the victim from each other. Renard Bryant, who also observed defendant and the victim fighting from the porch, took the gun from defendant. Other eyewitnesses, however, including John Johnson, never saw defendant and the victim fighting. Kevin Johnson and John Johnson saw the victim collapse in the street, helped him into his van, and took him to the hospital. The testifying witnesses who remained on the porch during the incident testified that, after the shooting, Bryant walked back toward Jones's house with the gun and handed the gun to defendant, after which defendant left the scene in his truck.

The victim died from a shotgun wound to his chest. Police officers recovered two spent casings and shattered glass from the scene, observed tire tracks in the grass, and observed that the driver's side window of the victim's van had been "shot out."

*People v. Stringer*, No. 310228, 2013 WL 4005911, *1 (Mich. Ct. App. Aug. 6, 2013).

Petitioner was charged in Wayne County Circuit Court with first-degree premeditated murder, felony-firearm, and felon in possession of a firearm. Following a jury trial, the jury found Petitioner guilty of the lesser included offense of second-degree murder and the firearm offenses.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims: (i) the second-degree murder conviction was against the great weight of the evidence; (ii) insufficient evidence was presented to show that he acted with the intent necessary to sustain a second-degree murder conviction; (iii) the trial court erred in denying his request for a manslaughter instruction; (iv) trial counsel was ineffective; (v) the prosecutor engaged in misconduct; and (vi) the trial court erred in denying a defense motion for a directed verdict on the first-degree murder charge. The Michigan Court of Appeals affirmed Petitioner's convictions. *Id.*

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals and an additional claim that the Michigan Court of Appeals caused a miscarriage of justice by affirming the conviction of one who is actually innocent. The Michigan Supreme Court denied leave to appeal. *People v. Stringer*, 495 Mich. 916 (Mich. Dec. 23, 2013).

Petitioner then filed the pending habeas petition, raising these claims:

I.      Petitioner's [right to] due process was violated where the weight of the evidence so preponderates against the verdict, and is so contradictory as to offend due process, a new trial must be ordered for Mr. Stringer.

II.     Petitioner's murder conviction must be reversed where the prosecution's evidence was insufficient to prove beyond a reasonable doubt that Mr. Stringer acted with malice, a requisite element.

III.    Petitioner Stringer was denied his constitutional rights to a fair trial, properly instructed jury, and right to present a defense, under the Sixth and Fourteenth Amendments and Const. 1963, Art. 1 §§ 17 and 20, where the trial court refused to give a manslaughter instruction.

IV.     Andre Duvor Stringer was denied his constitutional right to effective assistance of counsel when his trial [counsel] failed to call a material defense witness, [and] failed to object to a police officer witness who violated the court's sequestration order.

     V.     Petitioner Andre Duvor Stringer was denied a fair trial when the prosecutor committed prosecutorial misconduct by making flagrantly improper remarks in her closing arguments and by violating the sequestration order.

     VI.     The trial court abused its discretion when it denied the defense motion for directed verdict on the charge of first-degree murder when there was insufficient evidence of [guilt] on each element even taking the evidence and testimony in a light most favorable to the prosecutor.

Petitioner has since filed a motion to dismiss all but his fourth claim for habeas corpus relief. It is Petitioner's decision which claims to pursue in a habeas corpus petition and Respondent will not be prejudiced by dismissal of these claims. The Court grants the motion.

### III. LEGAL STANDARD

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

    (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [United States Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362,

405-06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous . . . The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)) (citing *Williams*, 529 U.S. at 409).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

> Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 102-03 (internal quotation and citation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. However, this "does not require citation of [Supreme Court] cases - indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Relatedly, "while

-5-

the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue."  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Finally, a federal habeas court must presume the correctness of state court factual determinations, *see* 28 U.S.C. § 2254(e)(1), and a petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Put differently, only factual determinations that are "objectively unreasonable in light of the evidence presented in the state-court proceeding" will be overturned.  *McKinney v. Ludwick*, 649 F.3d 484, 488 (6th Cir. 2011) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

## IV. DISCUSSION

Petitioner argues for habeas corpus relief on the ground that he received ineffective assistance of counsel.  He argues that counsel was ineffective in failing to call these witnesses at trial: Marshall Johnson, Parris Collins, and Bruce Miguel.  He also argues that counsel was ineffective in failing to object to a prosecution witness's violation of a sequestration order.

A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  The

-6-

Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

"The standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

First, Petitioner argues that counsel was ineffective in failing to present three witnesses at trial: Marshall Johnson, Parris Collins, and Bruce Miguel. "The failure to call favorable witnesses can amount to ineffective assistance where it results in prejudice to the defense." *Pillette v. Berghuis*, 408 F. App'x 873, 884 (6th Cir. 2010). If a witness does not possess exculpatory information, defense counsel has no obligation to call that witness to testify. *Id.* Counsel's strategic decisions regarding which witnesses to call at trial are "virtually

unchallengeable." *Awkal v. Mitchell*, 613 F.3d 629, 641 (6th Cir. 2010). The Court's "concern is not to decide, using hindsight, what [it] think[s] would have been the best approach at trial. Instead, [the Court] consider[s] only if the approach ultimately taken was within 'the wide range of reasonable professional assistance' given the circumstances." *English v. Romanowski*, 602 F.3d 714, 728 (6th Cir. 2010) (quoting *Strickland*, 466 U.S. at 689).

The Michigan Court of Appeals denied this claim finding that Petitioner failed to satisfy his burden of developing a factual basis for his claim. The state court reasoned:

> [D]efendant's allegations are wholly dependent on facts not in the existing record and rests entirely on defendant's representations of how the proposed witnesses would have testified. Therefore, there is simply no factual basis in the record to conclude that the proposed witnesses would have provided testimony favorable to defendant, and thus, defendant's claim of ineffective assistance based on defense counsel's failure to call witnesses must fail.

*Stringer*, 2013 WL 4005911 at *6.

In support of his claim that counsel was ineffective in failing to call these three witnesses, Petitioner presents affidavits from Marshall Johnson and Parris Collins. These affidavits were never presented to the state courts. This Court is therefore "categorically barred by *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1400 n.7 (2011)" from considering the affidavits on habeas review. *Shoemaker v. Jones*, 600 F. App'x 979, 983 (6th Cir. 2015). There is no other evidence properly before this Court which would show what the testimony of these witnesses would have been had they testified at trial. In the absence of any such offering, Petitioner is unable to establish that counsel was ineffective in failing to call these witnesses or that he was prejudiced by their absence. *See Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005) (affirming denial of an ineffective assistance claim based on counsel's failure to call witnesses where a petition did not introduce "evidence establishing what they would have said.").

Next, Petitioner claims that his attorney was ineffective in failing to object to an alleged violations of the trial court's sequestration order.  Petitioner argues that Sergeant Michael McGinnis, the officer-in-charge of the case, remained in the courtroom for the entire trial. Sergeant McGinnis's presence did not violate the sequestration order because the order specifically allowed Sergeant McGinnis to remain in the courtroom.  Tr., 12/5/11 at 3, ECF No. 10-4, Pg. ID 326.  The Michigan Court of Appeals denied Petitioner's claim because he provided no evidence that the officer changed his testimony in response to testimony of other witnesses. The Court also finds no evidence in the record that Sergeant McGinnis altered his testimony based upon what he heard.  Petitioner fails to show the state court's denial of this claim was contrary to or an unreasonable application of *Strickland.*

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

-9-

**V. CONCLUSION**

For the reasons discussed above, **IT IS ORDERED** that the Motion to dismiss issues I,

II, III, V and VI is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition for a writ of *habeas corpus* is **DENIED**

and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: November 24, 2015                                 /s/Gershwin A Drain
Detroit, MI                                              HON. GERSHWIN A. DRAIN
                                                        United States District Court Judge