UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DUVOR STRINGER,

    Petitioner,

        v.

JEFFREY WOODS,

    Respondent
_____/

Case No. 14-cv-13874

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [16] AND DENYING PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING [17] AS MOOT**

**I. INTRODUCTION**

Andre Duvor Stringer ("Petitioner") commenced this action on October 7, 2014, pursuant to 28 U.S.C. § 2254. In his Petition for a Writ of Habeas Corpus [1], Petitioner raised six claims for relief. On May 27, 2015, Petitioner voluntarily dismissed five of the six claims. *See* Dkt. No. 13. On November 24, 2015, the Court denied Plaintiff's petition for a writ of *habeas corpus*. *See* Dkt. No. 14.

Presently before the Court is Petitioner's Motion for Reconsideration [16], filed on December 5, 2015. For the reasons discussed herein, the Petitioner's Motion is **DENIED**, and Plaintiff's Motion for an Evidentiary Hearing [17] is **DENIED** as **MOOT.**

**II. LEGAL STANDARD**

Under this Court's Local Rules, the Court may not grant a motion for reconsideration which merely presents the same issues that the Court already ruled on. LR 7.1(h)(3)(E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the

opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

### III. DISCUSSION

Here, Petitioner contends that this Court was "unable to make a clear determination on whether or not counsel was ineffective" because petitioner was unable to furnish "the much needed" witness statements that Defendant believes contained exculpatory evidence. Dkt. No. 16 at 1. Petitioner argues that the Court was "misled by the information," and requests an evidentiary hearing to remedy the Court's confusion. *Id.* at 2. Petitioner argues that because the witnesses have exculpatory information, his counsel's failure to call them at trial constituted ineffective assistance of counsel. *Id.*

Petitioner has failed to point to a palpable defect in the Court's opinion. Instead, Petitioner has rehashed the same arguments that were used in the original petition. The state trial court already ruled that "there is simply no factual basis in the record to conclude that the proposed witnesses would have provided testimony favorable to defendant." *People v. Stringer*, No. 310228, 2013 WL 4005911, *6 (Mich. Ct. App. Aug 6, 2013). Furthermore, this Court held in its prior ruling that without the factual basis for the claim, that Plaintiff was unable to prove that his counsel's choice to not call certain witnesses was unreasonable. *See* Dkt. No. 14 at 8.

Petitioner requests again that this Court review the statements of Marshall Johnson and Parris Collins. However, as this Court has already stated, because these affidavits were not presented to the state courts, this Court is "**categorically barred** by *Cullen v. Pinholster*, 131 S.

2

Ct. 1388, 1400 n.7 (2011)" from considering them on habeas review. *Shoemaker v. Jones*, 600 F. App'x 979, 983 (6th Cir. 2015) (emphasis added).

### III. CONCLUSION

Petitioner has failed to demonstrate that the Court made a palpable error in its Opinion and Order dismissing his habeas petition. Accordingly, Petitioner's Request for Reconsideration of the Court's Decision to Dismiss [13] is **DENIED**. The Motion for an Evidentiary Hearing is denied as **MOOT**.

Dated: January 27, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Judge

3